**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cherie A. Fishburne,<br><br>Plaintiff,<br><br>v.<br><br>CitiMortgage Incorporated, *et al.*,<br><br>Defendants. | No. CV-19-00256-PHX-JJT<br><br>**ORDER** |

At issue is *pro se* Plaintiff Cherie A. Fishburne's Emergency Motion for Preliminary Injunction (Doc. 28, Mot.), which asks the Court to enjoin Defendant CitiMortgage Inc.'s ("CMI") non-judicial foreclosure sale of the property on which Plaintiff resides, scheduled for March 11, 2019. Because all Defendants had already filed Motions to Dismiss in this action before Plaintiff filed her Emergency Motion, and Plaintiff filed the Emergency Motion just five business days before the scheduled sale, the Court excused Defendants from filing responses to Plaintiff's Emergency Motion. At the Court's prompting, Plaintiff filed a Response (Doc. 31) to CMI's Motion to Dismiss (Doc. 19) as it pertains to Plaintiff's Emergency Motion, and specifically her likelihood of success on the merits.

To obtain preliminary injunctive relief, Plaintiff must show that "(1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citing *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008)). The Ninth Circuit Court of

Appeals, employing a sliding scale analysis, has also stated that a "likelihood of success per se is not an absolute requirement," and "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1085 (9th Cir. 2013) *cert. denied*, 134 S. Ct. 2877 (2014) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)).

In her Emergency Motion for Preliminary Injunction, Plaintiff does not proffer any new evidence to show a likelihood of success on the merits, but rather points to her allegations in the Complaint. (Mot at 3-4 ("The Complaint states Defendants' violations that render the Judgment void and the subject Deed of Trust unenforceable.").) CMI challenges the merits of Plaintiff's claims in this action by way of its Motion to Dismiss (Doc. 19). Specifically, CMI argues that Plaintiff is estopped from bringing her challenge to the validity of the Deed of Trust on the property because she already made that challenge in a state court action brought by CMI, and the state court ruled on the merits, and on reconsideration, that the Deed of Trust is a valid encumbrance on the property.

The judicially created doctrine of claim preclusion, or *res judicata*, "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (internal quotations and citations omitted). Federal courts must look to state law to determine the preclusive effect of a state court judgment. *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Under Arizona law, there must be (1) a final judgment on the merits, (2) common identity of the parties and the capacity in which they appeared, (3) common identity of the subject matter, and (4) common identity of the cause of action. *Beseder, Inc. v. Osten Art, Inc.*, No. CV 05-00031-PHX, 2006 WL 2730769, at *5 (D. Ariz. Sep. 25, 2006) (citing *Hall v. Lalli*, 952 P.2d 748, 750 (Ariz. Ct. App. 1999)). Arizona follows the "same evidence test" in which "the plaintiff is precluded from subsequently maintaining a second action based upon the same transaction, if the evidence needed to sustain the second action would have sustained

the first action." *Pettit v. Pettit*, 189 P.3d 1102, 1105 (Ariz. Ct. App. 2008) (internal citation omitted).

Here, the Arizona Superior Court's judgment was a final judgment on the merits. (*See* Doc. 19-3 Ex. C.)[1] Moreover, the same parties were involved in a dispute over ownership of the same property; Plaintiff has claimed that CMI's Deed of Trust on the property is unenforceable in both actions. Finally, the evidence Plaintiff now alludes to in support of her request for a Preliminary Injunction is the same evidence that would have sustained the state court action and any counterclaims therein. To the extent that Plaintiff now argues that she has uncovered new evidence that CMI recorded an allegedly "false Notice of Substitution of Trustee and Notice of Trustee's Sale with the Maricopa County Recorder in 2008," Plaintiff concedes that she "did attempt to seek relief from the lower Court and filed a Motion for Reconsideration based on the new evidence[,] which the Court denied." (Doc. 31 at 3.) By "lower Court," this Court presumes Plaintiff is referring to the state court, which is not a "lower Court" to this Court. Even if the state court did not have the newly uncovered evidence before it, Plaintiff does not begin to show that she could not have uncovered the new evidence with reasonable diligence in the state court action. As a result, the doctrine of *res judicata* applies to bar Plaintiff's present claims underlying her request for a Preliminary Injunction.

The Court also notes that, to the extent Plaintiff's request for a Preliminary Injunction is based on her contention that the state court erred in reaching its judgment (*e.g.* Mot. at 3), the *Rooker-Feldman* doctrine also bars Plaintiff's request. The *Rooker-Feldman* doctrine derives from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). First in *Rooker* and later in *Feldman*, the Supreme Court held that federal district courts cannot review state court decisions in an appellate capacity. The Ninth Circuit Court of Appeals has held that *Rooker-Feldman* "prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing *de facto* appeals from state-court

---

[1] The Court takes judicial notice of the state court records in the prior proceeding (Docs. 19-3; 30).

judgments." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). "It is a forbidden *de facto* appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2004).

Most of Plaintiff's claims in the Complaint fall squarely within the ambit of *Rooker-Feldman* by attempting to challenge the state court judgment that CMI's Deed of Trust on the property is valid and enforceable. Those claims are thus also barred under *Rooker-Feldman*.

In her Emergency Motion for Preliminary Injunction, Plaintiff has failed to show any possibility of success on the merits of her claim that CMI's Deed of Trust on the property is unenforceable, which forms the premise of her request for the Court to enjoin the Trustee's Sale scheduled for March 11, 2019. Accordingly, the Court must deny the Emergency Motion.

IT IS THEREFORE ORDERED denying Plaintiff's Emergency Motion for Preliminary Injunction (Doc. 28).

Dated this 8th day of March, 2019.

Honorable John J. Tuchi
United States District Judge