1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cherie A. Fishburne, | No. CV-19-00256-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| CitiMortgage Incorporated, *et al.*, | |
| Defendants. | |

At issue are Defendants Tiffany & Bosco, P.A. and Leonard J. McDonald's (collectively, "Bosco Defendants") Motion to Dismiss (Doc. 18), to which *pro se* Plaintiff Cherie A. Fishburne filed a Response (Doc. 36), and Bosco Defendants filed a Reply (Doc. 40); Defendant CitiMortgage Inc.'s ("CMI") Motion to Dismiss (Doc. 19), to which Plaintiff filed a Response (Doc. 31), and CMI filed a Reply (Doc. 41); and Defendants S. Matt Collins, Carrie Collins, David LaSpaluto, and Sarah Sabalos-LaSpaluto's (collectively, "Attorney Defendants") Motion to Dismiss (Doc. 23), to which Plaintiff filed a Response (Doc. 37), and Attorney Defendants filed a Reply (Doc. 42). The Court resolves these Motions without oral argument. *See* LRCiv 7.2(f).

**I.  BACKGROUND**

On January 19, 2007, Plaintiff took out a loan for $645,750 from CMI's predecessor, ABN AMRO ("Loan"), secured by a Deed of Trust on property located at 12054 West Skinner Drive, Peoria, Arizona 85383 (the "Property"). The Deed of Trust was not recorded. The purpose of the Loan was to pay off a purchase money loan Plaintiff had

taken out in 2006, and the release of the purchase money loan as a result of the 2007 Loan was recorded. Plaintiff filed a voluntary petition for Chapter 13 bankruptcy on October 14, 2009. In the bankruptcy proceedings, Plaintiff asserted that the Loan was secured by the Deed of Trust on the Property. CMI submitted a claim under the Loan and Deed of Trust, and Plaintiff did not object or otherwise raise any claims against CMI. The Bankruptcy Court confirmed a Chapter 13 Plan on July 15, 2010.[1]

On February 16, 2017, CMI filed suit against Plaintiff in Arizona state court, seeking a declaration that the Deed of Trust, although not recorded, constitutes a valid encumbrance on the Property and that Plaintiff is estopped from challenging its validity. Mr. LaSpaluto and Mr. Collins were counsel for CMI in the lawsuit. The state court granted summary judgment for CMI and entered Judgment on July 18, 2018. Plaintiff did not appeal, but she filed a motion for reconsideration about six months later. On December 31, 2018, the state court judge denied the motion and subsequently denied Plaintiff's Temporary Restraining Order request, which sought to avoid a pending foreclosure of the Deed of Trust.

Bosco Defendants are the trustee under the Deed of Trust and are attempting to perform a non-judicial foreclosure on the Property. They took no part in the state court action.

On January 9, 2019, Plaintiff filed a Chapter 7 bankruptcy petition, which she alleges she was forced to do to automatically stay "Defendant's illegal non-judicial foreclosure action." (Doc. 1, Compl. ¶ 44.) She then filed the present lawsuit on January 15, 2019, raising eleven claims against Defendants: (1) recording false documents in violation of A.R.S. §§ 33-420(A) and (B); (2) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e) ("FDCPA"); (3) declaratory and injunctive relief under 28 U.S.C. § 2201 and A.R.S. § 33-801; (4) breach of fiduciary duties; (5) fraudulent concealment; (6) civil conspiracy; (7) fraudulent misrepresentation; (8) conversion; (9) quiet title; (10) unjust

---

[1] In resolving the present Motions, the Court takes judicial notice of the records of all the related prior court proceedings. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

enrichment; and (11) wrongful foreclosure. The Court denied Plaintiff's request for a Preliminary Injunction on March 8, 2019. (Doc. 32.) Defendants now move to dismiss all claims against them.

## II. LEGAL STANDARDS

When analyzing a complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III. ANALYSIS

### A. Judicial Estoppel

All of Plaintiff's claims in this lawsuit are premised on the proposition that Defendants did not have a valid, enforceable Deed of Trust on the Property—a proposition that the state court has already rejected in a final Judgment. To begin with, Plaintiff is

judicially estopped from claiming to this Court that the Deed of Trust is not valid and enforceable by her representations in her Chapter 13 proceedings in United States Bankruptcy Court in 2009 and 2010.

Judicial estoppel—"an equitable doctrine invoked by a court at its discretion"—exists to protect the integrity of the judicial process by "prohibiting parties from *deliberately* changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001) (citations and internal quotation marks omitted). "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *New Hampshire*, 532 U.S. at 749 (citations and internal quotation marks omitted). The application of judicial estoppel is appropriate to bar litigants from taking inconsistent positions not only in the same case, but also in two different cases. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001).

Courts consider three factors when determining whether to impose judicial estoppel. *See New Hampshire*, 532 U.S. at 570. Those factors include: 1) whether the party's later position is "clearly inconsistent with its earlier position"; 2) whether the party succeeded in persuading the court to accept its earlier position, creating the perception that the first or second court was misled; and 3) whether the party seeking to assert an inconsistent position would "derive an unfair advantage or impose an unfair detriment to the opposing party." *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1132 (9th Cir. 2012).

Here, CMI and Attorney Defendants demonstrate that Plaintiff now takes the position that the Deed of Trust is not valid and enforceable but took a clearly inconsistent position in the Chapter 13 bankruptcy proceeding by asserting that the Loan was secured by the Deed of Trust on the Property. Plaintiff listed no claims against CMI in the bankruptcy schedules, as she was required to do if any claims existed. The Bankruptcy Court accepted Plaintiff's assertions to strip a second, Wells Fargo mortgage from the Property and ultimately to resolve the bankruptcy matter. Thus, Plaintiff not only convinced the Bankruptcy Court of a position inconsistent with her present claims, but it

inured to her benefit when the Bankruptcy Court stripped a second mortgage from the Property and confirmed the Chapter 13 Plan.

To the extent Plaintiff could argue that she was not aware that the Deed of Trust may have been unenforceable at that time, any purported defect in the Deed of Trust through a failure to record could have been discovered with reasonable diligence. Plaintiff would undoubtedly have an unfair advantage to now represent to this Court that the Deed of Trust—on which her prior success relied—is invalid and unenforceable. Thus, apart from any prior state court proceeding, this Court would independently conclude that Plaintiff is judicially estopped from now contending the Deed of Trust is invalid and unenforceable. *See Hamilton*, 270 F.3d at 783-84. Because all of her claims in this lawsuit are grounded in that contention, they all fail.

### B. *Res Judicata* and *Rooker-Feldman*

Unsurprisingly, the state court reached the same conclusion regarding judicial estoppel in the prior lawsuit between CMI and Plaintiff. Even if it had not, or had based its decision on another rationale, Plaintiff would be precluded from bringing her present claims against CMI by *res judicata* and the *Rooker-Feldman* doctrine.[2] The Court already concluded this in its Order (Doc. 32) denying Plaintiff's Motion for Preliminary Injunction.

As the Court stated in its prior Order, the judicially created doctrine of claim preclusion, or *res judicata*, "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (internal quotations and citations omitted). Federal courts must look to state law to determine the preclusive effect of a state court judgment. *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Under Arizona law, there must be (1) a final judgment on the merits, (2) common identity of the parties and the capacity in which they appeared,

---

[2] To the extent Plaintiff alleges fraud in the state court proceedings, most of those allegations are actually based in Plaintiff's underlying claim that the Deed of Trust was invalid and unenforceable, which Plaintiff is estopped from arguing. None of Plaintiff's allegations would amount to fraudulent court proceedings, as she contends (Doc. 37 at 3-4), but rather are arguments about what the evidence showed or did not show, which the state court considered in reaching its final Judgment.

(3) common identity of the subject matter, and (4) common identity of the cause of action. *Beseder, Inc. v. Osten Art, Inc.*, No. CV 05-00031-PHX, 2006 WL 2730769, at *5 (D. Ariz. Sep. 25, 2006) (citing *Hall v. Lalli*, 952 P.2d 748, 750 (Ariz. Ct. App. 1999)). Arizona follows the "same evidence test" in which "the plaintiff is precluded from subsequently maintaining a second action based upon the same transaction, if the evidence needed to sustain the second action would have sustained the first action." *Pettit v. Pettit*, 189 P.3d 1102, 1105 (Ariz. Ct. App. 2008) (internal citation omitted).

Here, the state court's Judgment was a final judgment on the merits. (*See* Doc. 19-3 Ex. C.) Moreover, the same parties were involved in a dispute over ownership of the same property; Plaintiff has claimed that CMI's Deed of Trust on the Property is unenforceable in both actions. Finally, the evidence Plaintiff now alludes to in support of her claims is the same evidence that would have sustained the state court action and any counterclaims therein. To the extent that Plaintiff now argues that she has uncovered new evidence that CMI recorded an allegedly "false Notice of Substitution of Trustee and Notice of Trustee's Sale with the Maricopa County Recorder in 2008," Plaintiff concedes that she "did attempt to seek relief from the lower Court and filed a Motion for Reconsideration based on the new evidence[,] which the Court denied." (Doc. 31 at 3.) By "lower Court," this Court presumes Plaintiff is referring to the state court, which is not a lower court to this Court. Even if the state court did not have the newly uncovered evidence before it, Plaintiff does not begin to show that she could not have uncovered the new evidence with reasonable diligence in the state court action. As a result, the doctrine of *res judicata* applies to bar Plaintiff's present claims.

The Court also notes that, to the extent Plaintiff's claims are based on her contention that the state court erred in reaching its Judgment (*e.g.* Mot. at 3), the *Rooker-Feldman* doctrine also bars Plaintiff's claims. The *Rooker-Feldman* doctrine derives from two Supreme Court decisions, *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). First in *Rooker* and later in *Feldman*, the Supreme Court held that federal district courts cannot review state court decisions in an

appellate capacity. The Ninth Circuit Court of Appeals has stated that *Rooker-Feldman* "prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing *de facto* appeals from state-court judgments." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). "It is a forbidden *de facto* appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2004).

Plaintiff's claims in the Complaint fall squarely within the ambit of *Rooker-Feldman* by attempting to challenge the state court Judgment that CMI's Deed of Trust on the Property is valid and enforceable. Those claims are thus also barred under *Rooker-Feldman*.

### C. Litigation Privilege

To the extent Plaintiff raises claims against Mr. Collins and Mr. LaSpaluto (and their wives, to reach the marital property) in their roles as attorneys for CMI in the state court action, those Defendants are protected by the litigation privilege. In Arizona, "[a]n absolute privilege exists for participants in judicial proceedings." *W. Techs., Inc. v. Sverdrup & Parcel, Inc.*, 739 P.2d 1318, 1321 (Ariz. Ct. App. 1986). "The privilege protects judges, parties, lawyers, witnesses and jurors. The defense is absolute in that the speaker's motive, purpose or reasonableness in uttering a false statement do not affect the defense." *Id.* Plaintiff alleges that Attorney Defendants committed fraud by filing the state court complaint in the first place and then claiming on behalf of CMI that the Deed of Trust is valid and enforceable. Attorney Defendants are immune from suit for simply bringing the lawsuit on behalf of CMI and engaging in litigation conduct. *Id.*; *see also Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 934-35 (9th Cir. 2006) (noting claims based on "petitions sent directly to the court in the course of litigation" and "conduct incidental to the prosecution of the suit" are barred by the *Noerr-Pennington* doctrine). For this additional reason, Plaintiff's claims against Attorney Defendants fail.

### D. FDCPA

Next, Plaintiff's FDCPA claim cannot stand as a matter of law. "As a threshold matter, the FDCPA applies only to a debt collector who engages in practices prohibited by the Act in an attempt to collect a consumer debt." *Mansour v. Cal–Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). This Court has held that "mortgagees and their beneficiaries, including mortgage servicing companies, are not debt collectors subject to the FDCPA." *Id.* As Bosco Defendants argue, a trustee under a deed of trust is not a debt collector under the FDCPA simply by performing the non-judicial foreclosure statutory requirements. (Doc. 18 at 4 (citing *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970 (9th Cir. 2017); *Ho v. ReconTrust Co., NA*, 840 F.3d 618, 620 (9th Cir. 2016)).) Thus, the Court must dismiss Plaintiff's FDCPA claim for this additional reason.

### E. Other Arguments

Defendants raise other grounds for the dismissal of Plaintiff's claims, including that they are barred by the applicable statutes of limitations (Doc. 19-1 at 6-10) and the Complaint fails to allege sufficient non-conclusory facts to state claims (Doc. 23 at 9-15; Doc. 18 at 5-6). Because the Court has already identified a number of reasons why it must dismiss all of Plaintiff's claims with prejudice, the Court need not address these additional bases to dismiss Plaintiff's claims.

### F. Attorney's Fees

Attorney Defendants seek reasonable attorney's fees and costs under A.R.S. §§ 12-341, 12-341.01, and 12-349(a). (Doc. 23 at 15.) Bosco Defendants seek reasonable attorney's fees and costs pursuant to A.R.S. § 33-807(E). (Doc. 18 at 5.) Defendants are eligible for reasonable attorney's fees and costs under these provisions, and, if they choose, Defendants may file applications for attorney's fees and costs under LRCiv 54.2 demonstrating their entitlement to fees and costs and reasonable amounts.

Attorney Defendants have also filed a Motion for Sanctions (Doc. 43) under Federal Rule of Civil Procedure 11(c), to which Plaintiff filed a Response (Doc. 45) and Attorney Defendants filed a Reply (Doc. 46). The Court will resolve that Motion by separate Order.

**IT IS THEREFORE ORDERED** granting Defendants Tiffany & Bosco, P.A. and Leonard J. McDonald's Motion to Dismiss (Doc. 18). Plaintiff's claims against these Defendants are dismissed with prejudice.

**IT IS FURTHER ORDERED** granting Defendant CitiMortgage Inc.'s Motion to Dismiss (Doc. 19). Plaintiff's claims against this Defendant are dismissed with prejudice.

**IT IS FURTHER ORDERED** granting Defendants S. Matt Collins, Carrie Collins, David LaSpaluto, and Sarah Sabalos-LaSpaluto's Motion to Dismiss (Doc. 23). Plaintiff's claims against these Defendants are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendants shall file any application for reasonable attorney's fees and costs under LRCiv 54.2 by October 11, 2019. The Court will resolve Defendants S. Matt Collins, Carrie Collins, David LaSpaluto, and Sarah Sabalos-LaSpaluto's Motion for Sanctions (Doc. 43) in conjunction with any attorney's fees applications.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment dismissing Plaintiff's claims with prejudice and close this case.

Dated this 23rd day of September, 2019.

Honorable John J. Tuchi
United States District Judge